UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JEAN-GESPERE PIERRE,

                      Plaintiff,

v.

LAW FIRM LITTLER MENDELSON, P.C.,
CRAIG BENSON and HEMA CHATLANI,

                      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-04364 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Jean-Gespere Pierre, proceeding *pro se*, brings this action against Defendants Law Firm Littler Mendelson, P.C., Craig Benson and Hema Chatlani for their role in representing Plaintiff's former employer, Air Serv Security, in an employment discrimination action before this Court in which the Court granted summary judgment in favor of Air Serv (the "Air Serv Action"). (Compl., Docket Entry No. 1.) Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, the Court dismisses the Complaint. Plaintiff is granted leave to amend the Complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

      The facts alleged in the Complaint and attached documents are accepted as true for the purposes of this Memorandum and Order. On October 8, 2014, Plaintiff commenced the Air Serv Action, claiming that his former employer discriminated against him on the basis of his French accent. *See Pierre v. Air Serv Sec.*, No. 14-CV-5915, 2016 WL 5136256, at * 1 (E.D.N.Y. Sept. 21, 2016). Defendants were counsel for Air Serv in the Air Serv Action. On April 29, 2015 and May 18, 2015, Defendants deposed Plaintiff in connection with the Air Serv

Action. (Compl. 5.) According to Plaintiff, Benson and Chatlani fraudulently falsified the transcript of Plaintiff's deposition testimony and offered Plaintiff $5,000 to "drop [his] case." (*Id.* at 5–6.)

Plaintiff has attached to the Complaint: (i) a letter dated June 12, 2015 from Chatlani to Plaintiff informing Plaintiff that, pursuant to Rule 30(e) of the Federal Rules of Civil Procedure, Plaintiff has the right to review the transcripts of his deposition and determine if any changes should be made; (ii) a letter dated November 6, 2014 from Benson to the Court requesting an extension of time to respond to the complaint in the Air Serv Action; (iii) a letter dated October 8, 2014[1] from Plaintiff to the Court requesting a pre-motion conference in the Air Serv Action regarding Defendant's alleged ethical misconduct; and (iv) a letter dated November 23, 2015 from Plaintiff to the "Pro Se Office" for the Eastern District of New York, accusing Defendants of falsifying the transcript of Plaintiff's depositions. (Compl. 7–13.)[2]

Plaintiff alleges that Defendants violated: (i) section 3126 of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R."), the "common law of spoliation and professional misconduct," (ii) the "Education Law" and (iii) Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution. (*Id.* at 4 (internal quotation marks omitted).)

II. Discussion

    a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its

---

[1] Although the letter is dated October 8, 2014, it references Plaintiff's depositions, which took place on April 29, 2015 and May 18, 2015. (Compl. 9–10.)

[2] Because the Complaint is not consecutively paginated, all citations to pages of the Complaint refer to the Electronic Document Filing System ("ECF") pagination.

2

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

    b.   **Section 1983 claim**

Plaintiff alleges that Defendants violated his rights under the Fourth and Fourteenth Amendments by fraudulently editing his deposition transcript from the Air Serv Action, insulting him during the deposition, and offering to settle the Air Serv Action. (Compl. 4–5.) Plaintiff seeks damages in excess of $75,000. (*Id.* at 5). Because a suit for damages based on allegedly unconstitutional conduct must be pursued under 42 U.S.C. § 1983, the Court has construed Plaintiff's allegations as assertions of unconstitutional state action under section 1983. *See Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) ("Section 1983 provides persons with a private cause of action against those acting under color of state law to recover

3

money damages for the deprivation of any rights . . . secured by the Constitution." (citation and internal quotation marks omitted)).

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Accordingly, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

Defendants are private individuals and a private law firm whose conduct cannot be fairly attributed to the State. Thus, Plaintiff's claims brought pursuant to section 1983 against Defendants are dismissed for failure to state a claim upon which relief may be granted. *See Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 263-69 (2d Cir. 2014) (affirming dismissal of a section 1983 claim because the plaintiff failed to prove that the defendant's actions were state actions); *Azkour v. Bowery Residents Comm., Inc.*, 646 F. App'x 40, 41 (2d Cir. 2016) (affirming dismissal of a section 1983 claim because the defendant was a private entity, not a state actor); *Harrison v. New York*, 95 F. Supp. 3d 293, 306 (E.D.N.Y. 2015) (dismissing *pro se* plaintiff's section 1983 claims for failure to plead state action).

### c. State law claims

Plaintiff also appears to assert state law claims, alleging that Defendants violated section 3126 of the N.Y. C.P.L.R., the "common law of spoliation and professional misconduct."[3] (Compl. 4.) In opposing Air Serv's motion for summary judgment in the Air Serv Action, Plaintiff raised this spoliation claim. *See Air Serv Sec.*, 2016 WL 5136256, at *10. The Court fully addressed and denied Plaintiff's spoliation arguments in its order granting summary judgment to the defendants in the Air Serv Action. *See id.*, at *10–11.

Plaintiff's complaints against Defendants may be borne out of inexperience with federal litigation, an understandable problem for the many litigants who proceed *pro se* in federal court. Parties are entitled to request extensions of time from the Court as the defendant in the Air Serv Action did, and the Court may grant them extensions within its discretion. The Federal Rules of Civil Procedure provide for the review of depositions by the witness in order to make sure they are correct, Fed. R. Civ. P. 30(e), and Defendants provided Plaintiff with an opportunity to correct the transcript of his deposition, (Compl. 7), which Plaintiff did. Parties are permitted, and indeed are often encouraged, to have settlement discussions, and Defendants' purported attempt to settle this law suit does not violate any rules of civil litigation in federal court. *See Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014) (noting the "policy of encouraging the voluntary settlement of lawsuits"). Although extensions of time, settlement discussions and

---

[3] While Plaintiff states that he is also asserting a claim pursuant to the "Education Law," Plaintiff provides no facts to support the "Education Law" claim. (Compl. 4–5). The Court therefore denies any such claim as unsupported by any factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."); *Biro v. Conde Nast*, 807 F.3d 541, 546–47 (2d Cir. 2016) (affirming dismissal of a plaintiff's complaint because his allegations against the defendants were conclusory and insufficient); *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 103 (2d Cir. 2016) (affirming dismissal of a plaintiff's claims because he failed to "include any factual allegations to support" the claims).

corrections of deposition transcripts are new to Plaintiff, they are routine elements of civil litigation and do not support claims for spoliation and professional misconduct.

### d. Leave to amend

In light of Plaintiff's *pro se* status, he is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint. Should Plaintiff elect to file an amended complaint, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to file an amended complaint within thirty (30) days of this Memorandum and Order, the Court will dismiss this action.

## III. Conclusion

Accordingly, the Complaint is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue at this time and all further proceedings will be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: October 28, 2016
      Brooklyn, New York